IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CUONG QUOC HUYNH, | : | Civil No. 1:23-CV-01747 |
| Petitioner, | : | |
| v. | : | |
| WARDEN ARVIZA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Cuong Quoc Huynh filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging the Bureau of Prisons' ("BOP") failure to apply his earned time credits following the receipt of a notice of final removal in his immigration case. (Doc. 1.) For reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

Petitioner is currently housed in the Federal Correctional Institution Allenwood Medium ("FCI-Allenwood") in White Deer, Pennsylvania. He initiated this habeas corpus action under 28 U.S.C. § 2241 in October of 2023, but failed to sign his petition. (Doc. 1.) Following a court order, he filed a supplemental signed petition and brief in support, which the court construes as an amended petition in November of 2023. (Docs. 6, 7.) The amended petition asserts that he is due earned time credits under the First Step Act ("FSA"), that these earned time credits

1

were applied towards his sentence, and that following the receipt of a final order of removal in his immigration case, the BOP rescinded the earned time credits that were applied towards his sentence. (Doc. 7.) He alleges that the rescinding of his earned time credits after they were awarded is inconsistent with the FSA and in violation of the Ex Post Facto Clause. (*Id.*) On December 7, 2023, the court entered an order serving Warden Arviza ("Respondent") a copy of the amended petition and the supporting memorandum. (Doc. 8.) Respondent appeared and filed a response on December 22, 2023. (Doc. 10.) Petitioner filed a traverse on January 23, 2024. (Doc. 11.) The court will now address the pending amended petition.

## DISCUSSION

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation,

for a total of fifteen (15) days' time credit per thirty (30) days' successful participation.  *See id*. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for earned time credits.  *See id*. § 3632(d)(4)(D).  As pertinent here, if time credits under the FSA are properly earned by an eligible inmate, that inmate is *ineligible* to apply time credits if he is subject to a final order of removal under any provisions of the immigration laws.  18 U.S.C. § 3632(d)(4)(E).

Here, Petitioner is arguing that the BOP has erred by rescinding his earned time credits following the final order of removal and doing so violated the FSA and the Ex Post Facto Clause.  (Docs. 6, 7.)  Respondent argues that Petitioner failed to exhaust his administrative remedies and that the petition cannot succeed on its merits.  (Doc. 10.)  The court agrees with Respondent that Petitioner failed to exhaust his administrative remedies and, therefore, will not address the merits of the petition.

### A. Petitioner Failed to Exhaust His Administrative Remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition.  *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

    The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  *See* 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  *See id*. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar

days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  *See id*.

In the petition, Petitioner does not allege that he pursued administrative remedies.  (Doc. 6.)  Instead, he states "[t]his is a challenge to FSA Time Credits."  (*Id*., p. 2.)[1]  Respondent has provided evidence that Petitioner filed a total of six administrative remedies from February 2020 through December 2023, all of which concerned Discipline Hearing Orders.  (Doc. 10, p. 6; Doc. 10-1, pp. 2, 8–11.)  Respondent acknowledges that Petitioner attempted informal resolution when the application of his earned time credits was initially denied due to a high PATTERN score, but this claim was not exhausted.  (Doc. 10, pp. 6–7.)  Furthermore, according to the brief in support of the petition, the PATTERN score was later reduced and the earned time credits were ultimately applied to his sentence.  (Doc. 7, p. 1.)  It is the rescinding of those earned time credits following the final order

---

[1] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

of removal that Petitioner is currently challenging. (Docs. 6, 7.) Petitioner failed to seek *any* administrative remedies regarding this issue.

Petitioner's traverse alleges that administrative exhaustion is excused because he is raising constitutional or statutory claims that the BOP can neither consider nor correct and that the BOP thwarted his attempts to exhaust his administrative remedies. (Doc. 11, pp. 2–3.) However, Petitioner explicitly states that "[t]he language of the statute passed by Congress does not exclude Mr. Huynh from applying his earned time credits that were earned prior to him receiving the Final Order of removal." (*Id*., p. 2.) Therefore, Petitioner's challenge is not limited to statutory construction, but the BOP's interpretation of the statute. As such, the administrative exhaustion requirement is not excused. *See Bradsaw*, 682, F.2d at 1052 (affirming the district court's "reasoning that the Bureau of Prisons should be given an opportunity to construe the statute in administrative proceedings prior to any judicial action").

Additionally, Petitioner alleges that his attempts at exhaustion were thwarted and would be futile because he only received verbal responses to informal resolution requests. (*Id*, p. 2–3.) Informal resolution is the initial step an inmate is instructed to take prior to any formal resolution. 28 C.F.R. § 542.13(b). However, even if Petitioner thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that

6

'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *See Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3–4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019). Therefore, exhaustion is not excused based on this argument.

    The record demonstrates that Petitioner failed to exhaust his administrative remedies on the issue of his earned time credits being rescinded following the notice of removal being entered in his immigration action and exhaustion was not excused. As such, the amended petition will be dismissed.

## CONCLUSION

For the reasons set forth above, the court will dismiss the amended petition for writ of habeas corpus filed pursuant to Section 2241. The case will be closed. A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 8, 2024